## HOLY FAMILY CHURCH et al. v. ALEXANDER et al.

No. 23179. Opinion Filed June 21, 1930.

Owen & Looney and Paul N. Lindsey, for petitioners.

Geo. S. Evans and S. A. Horton, for respondents.

ANDREWS, J. . This is an original proceeding instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioners and claimant, respectively.

The claimant received an accidental personal injury arising out of and in the course of his employment with the petitioner on the 4th day of April, 1930. The claimant's notice of injury and claim for compensation show that he returned to work on April 29, 1930, at his regular wages of $5.20 per day. The State Industrial Commission found that as a result of the accidental personal injury the claimant was temporarily and totally disabled from April 9, 1930, to April 26, 1930, a period of two weeks and four days beyond the five-days waiting period, and awarded him compensation at the rate of $18 per week in the sum of $48, which compensation was paid. The State Industrial Commission found that the claimant was again temporarily and totally disabled from May 15, 1930, to July 9, 1930, by reason of the accidental personal injury. The petitioners were ordered to pay the claimant compensation for the last temporary total disability at the rate of $18 per week.

The petitioners contend that there was no evidence to support the finding by the State Industrial Commission that the claimant was temporarily and totally disabled from May 15, 1930, to July 9, 1930.

The record shows that when the claimant returned to work on or about April 26, 1930, he was not able to do a full day's work, but that he continued to work until May 15, 1930, at which time his employment ceased. and that after May 15, 1930, he worked whenever he could get work to do. While he testified that "For about two months I didn't do any work," he did not testify that his failure to do any work was on account of his inability to work. There is nothing in the record to show that his physical condition after he returned to work on April 26th was any worse, and there is no evidence in the record that he was temporarily and totally disabled from May 15.

to July 9, 1930. The finding of the State Industrial Commission to that effect is not supported by any competent evidence reasonably tending to support the same and the award based thereon is vacated.

The record shows that this case comes within the provision for "other cases." Section 13356, O. S. 1931 (chapter 61, sec. 6, S. L. 1923). The amount of compensation provided thereby is based on the difference in the earning capacity after the injury, and the average weekly wages prior to the injury under the maximum and minimum provided in paragraph numbered 5 thereof. The State Industrial Commission found the average daily wages of the claimant prior to the injury to be $5.20 and his daily earning capacity thereafter to be $3. The weekly difference is $13.20. Sixty-six and two thirds thereof is $8.80, for which amount compensation should be awarded to the claimant for the period of his disability.

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to make an award in accordance herewith.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.